UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DELOREAN L. BRYSON,

        Petitioner,

v.                                                      Case No. 19-cv-1261-pp

DYLON RADTKE,

        Respondent.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), GRANTING MOTION TO AMEND §2254 ISSUES (DKT. NO. 7) AND ORDERING PETITIONER TO FILE AMENDED PETITION**

      On August 30, 2019, the petitioner, an inmate at Green Bay Correctional Institution who is representing himself, filed a petition for writ of *habeas corpus* challenging his September 30, 2014 conviction in Milwaukee County Circuit Court for first-degree reckless homicide with the use of a dangerous weapon and being a felon in possession of a firearm. Dkt. No. 1; see also State v. Bryson, Milwaukee County Case No. 13CF005740 (available electronically at https://wcca.wicourts.gov). He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. About three weeks later, the court received the petitioner's prisoner trust fund account statement. Dkt. No. 5. On January 7, 2020, the petitioner filed a motion to amend his petition. Dkt. No. 7.

      The court will grant the motion to proceed without prepaying the filing fee, will grant the petitioner's motion to amend the petition and will order the

1

petitioner to file an amended petition on the proper form in time for the court to receive it by the end of the day on **September 11, 2020**.

I. **Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner's motion to proceed without prepaying the fee states that he has no assets—no bank account, no retirement account, no investments, no real estate and no valuable other assets. Dkt. No. 2 at 2. The trust account statement shows that as of September 19, 2019, the petitioner had an end balance of $2.21 with an average monthly balance of $1.30. Dkt. No. 5 at 1. The court concludes that the petitioner does not have the ability to prepay the filing fee.

II. **Motion to Amend the Petition (Dkt. No. 7)**

A. Background

The Wisconsin Supreme Court denied the petitioner's petition for review on April 9, 2019. Dkt. No. 1 at 3; see also State v. Bryson, Milwaukee County Case No. 13CF005740 (available at https://wcca.wicourts.gov). The petitioner filed this federal petition about four and a half months later. Dkt. No. 1. The court has not yet screened the petition but a quick glance indicates that it asserts a claim of ineffective assistance of counsel and a claim that the circuit court erred when it did not vacate the DNA surcharge and did not give the jury a "defense of others" instruction. Id. at 14-15.

On January 7, 2020—about nine months after the Wisconsin Supreme Court denied the petitioner's petition for review and four months after he filed

his *habeas* petition in this court—the petitioner filed his "Motion to Amend 2254 Issues." Dkt. No. 7. He attached proposed amendments. Dkt. No. 7-1. In his handwritten attachment, the petitioner again asserts that his trial attorney provided ineffective assistance of counsel, and that the circuit court erred when it denied a defense of others instruction and imposed a DNA surcharge on the petitioner. Id. at 2-5. Additionally, the petitioner appears to claim ineffective assistance of appellate counsel and federal due process violations. Id. at 5-6.

### B. Amending a *habeas* petition

Under Federal Rule of Civil Procedure 15(a)(1),

> [a] party may amend its pleading once as a matter of course within (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Rule 15 is "made applicable to habeas proceedings" by 28 U.S.C. §2242, Federal Rule of Civil Procedure 81(a)(4) and Rule 11 of the Rules Governing Habeas Cases. Mayle v. Felix, 545 U.S. 644, 655 (2005). Courts should freely give leave to amend when justice so requires; however, the court has broad discretion to deny a request to amend when there is delay, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where the amendment would be futile. Hukic v. Aurora Loan Services, 588 F.3d 420, 432 (7th Cir. 2009). An amendment is futile if AEDPA's one-year statute of

3

limitations would bar the proposed amendment. Rodriguez v. U.S., 286 F.3d 972, 980 (7th Cir. 2002).

   C.   Analysis

This is the petitioner's first request to amend his petition. There is no evidence of dilatory motive, delay or a repeated failure to cure any deficiency. Because the petitioner filed his motion to amend before the court required the respondent to answer, amending the petition would not prejudice the respondent. The proposed amendments would not be futile; the petitioner filed his motion to amend about nine months after the Wisconsin Supreme Court denied his petition for review, well within the one-year statute of limitations for federal *habeas* petitions. The proposed amendments assert colorable *habeas* claims. The court will grant the petitioner's motion for leave to amend his petition.

The court notes, however, that the amendments appear to be additions to the allegations the petitioner made in the original complaint. The court cannot review the petitioner's claims in bits and pieces. He needs to put all his grounds for relief in a single, amended petition, filed on the court's form. The court will order the petitioner to file an amended petition using the proper form. The amended petition must be complete in itself; the petitioner must not refer the court back to his original petition or amendments. He must write the word "AMENDED" on the first page, next to the word "PETITION" in the title of the form. He must put the case number for this case—19-cv-1261—on the line next to the words "Docket No." on the first page. In the space for "Respondent,"

he must list the warden of the institution where he is incarcerated. On pages 6-9 of the form, the petitioner must list *all* the grounds on which he wants to proceed—the ones from his original petition and the ones from his amendments. He must file this amended petition in time for the court to receive it by the end of the day on September 11, 2020. If the court receives the amended petition by the deadline, the court will screen it.

### III. Conclusion

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **GRANTS** the petitioner's motion to amend 2254 issues. Dkt. No. 7.

The court **ORDERS** that the petitioner must file an amended petition on the enclosed form in time for the court to receive it by the end of the day on **September 11, 2020**. If the court does not receive the amended petition, or a request for more time to file the amended petition, by the end of the day on September 11, 2020, the court may dismiss the petition for failure to diligently prosecute it under Civil L.R. 41(c).

Dated in Milwaukee, Wisconsin this 27th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
