# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DELOREAN L BRYSON,

        Petitioner,

                                        Case No. 19-cv-1261-bhl

  v.

DYLON RADTKE,

        Respondent.

## ORDER SCREENING AMENDED HABEAS PETITION

On August 30, 2019, Delorean L. Bryson, who is currently incarcerated at the Green Bay Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) On that same date, Bryson also filed a motion for leave to proceed without prepaying the filing fee. (ECF No. 2.) Before his initial habeas petition was screened, Bryson filed a motion to amend his petition (ECF No. 7), and a supplement to his petition (ECF No. 10). On July 27, 2020, the Court granted Bryson's motion to proceed *in forma pauperis* and granted the petitioner's motion to amend his petition. (ECF No. 11.) The petitioner timely filed his amended petition. (ECF No. 12.)

Under Rule 4 of the Rules Governing §2254 Cases, the Court must screen the amended petition. The rule provides:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. In screening the amended petition, the Court examines whether the petitioner has asserted cognizable constitutional or federal law claims and has exhausted available state court remedies. The Court also attempts to confirm that the petition was timely filed.

Bryson was convicted on First Degree Reckless Homicide and Felon in Possession charges in Milwaukee County Circuit Court on September 30, 2014. (ECF No. 12 at 2.) He challenged

his conviction in state post-conviction proceedings, but the circuit court denied him relief on October 6, 2016.  (ECF No. 12-1 at 36.)  The Wisconsin Court of Appeals confirmed the circuit court's decision on November 29, 2018.  (*Id.* at 24-31.)  The Wisconsin Supreme Court then denied Bryson's petition for review.  (ECF. No. 12 at 6.)

Bryson's amended petition asserts three grounds for habeas relief.  He contends he was denied the opportunity for a fair trial by the state trial court's failure to give a self-defense/defense of others jury instruction.  (ECF No. 12 at 6.)  He also challenges a ruling that he should pay a DNA surcharge.  (*Id.* at 7.)  And, finally, he asserts that he was denied effective assistance of counsel.  (*Id.* at 8.)

A federal court may grant habeas relief to a state prisoner only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  The Court is also limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "significantly constrain[s] any federal court review of a state court conviction."  *Searcy v. Jaimet*, 332 F.3d 1081, 1087 (7th Cir. 2003).  Under AEDPA, the Court may only grant habeas relief for those claims which:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court decision is "contrary to" clearly established federal law, as found in Supreme Court precedent, *Sweeney v. Parke*, 113 F.3d 716, 718 (7th Cir. 1997), "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  The state court decision involves an unreasonable application of such law if "the state court identifies the correct governing legal rule from [Supreme Court] cases [but] unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Id.* at 407.

Of his three grounds for relief, Bryson's second, challenging the state court's imposition of a DNA surcharge, does not state a cognizable constitutional or federal claim for purposes of section 2254.  The federal habeas statute is only available to provide relief for a state prisoner who is in

custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §2254(a). A DNA surcharge is in the nature of a fine and has no impact on Bryson's custody. *See Virsnieks v. Smith*, 521 F.3d 707, 721 (7th Cir. 2008). Accordingly, he cannot challenge the surcharge through a section 2254 petition. *See Hutchins v. Foster*, No. 18-C-1795, 2018 WL 6602217, at *1 (E.D. Wis. Dec. 17, 2018).

Bryson's remaining grounds for relief are not clearly detailed, but the Court cannot conclude at this point that his first and third grounds plainly do not entitle him to relief. Accordingly, the respondent will be ordered to file a response to the petition.

**IT IS HEREBY ORDERED** that Bryson may continue with his first and third grounds for relief. His second ground for relief, challenging the DNA surcharge, is **DISMISSED**.

**IT IS FURTHER ORDERED** that a copy of Bryson's petition and this Order shall be served upon the respondent by service upon the State of Wisconsin Attorney General. The respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within sixty (60) days of the date of this order.

**IT IS FURTHER ORDERED** that unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claim:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's brief within which to file a brief in opposition. If petitioner does not file a brief, the respondent has forty-five (45) days from the due date of the petitioner's brief to file respondent's brief; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: Briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

The petitioner shall submit all correspondence and legal material to:

Honorable Brett H. Ludwig
c/o Office of the Clerk
United States District Court
United States Courthouse Room 362
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS**, as it will only delay the processing of the case. The petitioner must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Because the petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, the petitioner does not need to mail copies to counsel for the respondent. The respondent will be served electronically, and the petitioner should retain a personal copy of each document for his own files.

Dated at Milwaukee, Wisconsin on July 16, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge