UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DELOREAN L BRYSON,

          Petitioner,

v.                                                 Case No. 19-cv-1261-bhl

DYLON RADTKE,

          Respondent.
_____

## ORDER DENYING §2254 HABEAS PETITION
_____

      In the early morning hours of December 20, 2013, habeas Petitioner Delorean Bryson shot and killed cook Reginald Evans at a George Webb Restaurant in Milwaukee, Wisconsin. (ECF No. 33 at 3-6.) At trial, Bryson insisted he was acting in defense of his cousin, Jocelyn Long, whom he believed Evans was about to strike with a coffeepot. *State v. Bryson*, No. 2016AP2318-CR, 2018 WL 6264591, at *1 (Wis. Ct. App. Nov. 29, 2018) (unpublished). But the trial court denied Bryson's request for a defense-of-others jury instruction, finding that his belief that he needed to protect Jocelyn was not objectively reasonable. *Id.* He was subsequently convicted of first-degree reckless homicide. *Id.* In a postconviction motion, Bryson argued the trial court's refusal to instruct on his theory of defense entitled him to a new trial. *Id.* The circuit court denied the motion, the court of appeals affirmed, and the Wisconsin Supreme Court declined to take the case. (ECF No. 33 at 8-12.) Bryson's petition for a writ of habeas corpus under 28 U.S.C. §2254 followed. (*Id.* at 12.)

      Bryson's petition identifies three grounds for relief: (1) the denial of his request for a defense-of-others instruction violated his right to a fair trial; (2) the trial court erred in requiring him to pay a DNA surcharge; and (3) trial counsel rendered ineffective assistance when he failed to call Jocelyn as a witness or object to the introduction of new evidence. (ECF No. 12 at 6-8.) The Court dismissed Ground Two at the screening stage. (ECF No. 14 at 3.) The Court now rejects Bryson's remaining habeas claims because they were never fairly presented to the state courts and are, thus, procedurally defaulted.

**LEGAL STANDARD**

To obtain federal habeas relief, Bryson must prove that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). To carry this burden, he must show that the Wisconsin courts rejected his claims "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). In addition, he must show that the constitutional errors he identifies caused his conviction. *Engle v. Isaac*, 456 U.S. 107, 134-35 (1982).

**ANALYSIS**

Respondent argues that both remaining grounds raised in Bryson's petition (denial of a fair trial and ineffective assistance) are procedurally defaulted because Bryson did not fairly present them to the Wisconsin state courts for a complete round of review. (ECF No. 33 at 15-17.) The Court agrees. Accordingly, Bryson's petition must be denied.

**I.  Bryson Did Not Fairly Present His Federal Habeas Claims to the Wisconsin State Courts for Review.**

Under 28 U.S.C. §2254(b)(1)(A), a federal court may not grant a habeas petition unless the petitioner "has exhausted the remedies available in the courts of the State." This requires the petitioner to "establish that he fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005) (citation omitted). A claim is fully and fairly presented when the petitioner identifies "both the operative facts and legal principles that control" the claim and asserts that claim "through one complete round of state court review." *Id.* (citations omitted).

**A.  Bryson Did Not Fairly Present His Denial of Fair Trial Claim to the Wisconsin State Courts.**

Bryson's brief-in-chief before the Wisconsin Court of Appeals framed the issue presented in his case as follows: "Did the circuit court erroneously exercise its discretion when it refused to instruct the jury on the privilege of defense of others?" (ECF No. 21-2 at 5.) The brief cited exclusively to state law decisions, apart from one Seventh Circuit case, *United States v. Lehman*, 468 F.2d 93 (7th Cir. 1972). (*Id.* at 19-22.) And the phrase "fair trial" never appeared. Nor did

the brief allege that the jury instructions violated the Fifth or Sixth Amendments or any part of the federal Constitution. Based on this, Respondent argues that Bryson failed to present any federal constitutional dimensions of his claims before the state courts, and he should not be allowed to raise them now in federal habeas.

Bryson argues that he did fairly present the operative facts and legal principles that control his federal habeas claim because the claim he raised in state court was substantially similar, and he was not required to recite the constitutional basis for that claim "chapter and verse." *See Picard v. Connor*, 404 U.S. 270, 277 (1971). The *Picard* Court held that a federal habeas petitioner need only raise the "substantial equivalent" of his claim in the state court system to satisfy the fair presentment requirement. *Id.* It compared a "challenge to a confession predicated upon psychological as well as physical coercion," in which the "'ultimate question for disposition' will be the same" with a challenge to the validity of an indictment and a claim of unconstitutional discrimination based on that indictment, which were not substantial equivalents. *Id.* (quoting *United States ex rel. Kemp v. Pate*, 359 F.2d 749, 751 (7th Cir. 1966) (internal citations omitted)).

Citing to *Whipple v. Duckworth*, 957 F.2d 418, 420-21 (7th Cir. 1992), *overruled by Eaglin v. Welborn*, 57 F.3d 496 (7th Cir. 1995), Bryson further argues that the claim he raised in state court was the substantial equivalent of a defendant's Fifth and Sixth Amendment right "'to have presented instructions relating to a theory of defense for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.'" *Lehman*, 468 F.2d at 108 (quoting *United States v. Indian Trailer Corp.*, 226 F.2d 595, 598 (7th Cir. 1955)). In *Whipple*, the Seventh Circuit held that a petitioner had fairly presented this type of constitutional claim when he referenced *United States v. Hillsman*, 522 F.2d 454, 459 (7th Cir. 1975), in his state court briefs. Incredibly, the portion of *Hillsman* that the *Whipple* petitioner cited quotes directly from the *Lehman* language that Bryson referenced in his own state appellate brief. (*Id.*) That means *Whipple* found fair presentment satisfied when a habeas petitioner, raising the same claim as Bryson, quoted the same language as Bryson in state court proceedings.

The problem is that the constitutional violation *Whipple* identified is no longer good law. In *Perruquet v. Briley*, 390 F.3d 505, 520-21 (7th Cir. 2004), the Seventh Circuit confirmed that *Eaglin* had overruled *Whipple*'s holding, so it is no longer the case that when there is sufficient evidentiary support, failure to instruct on self-defense violates the Fifth and Sixth Amendments.

Instead, failure to instruct on self-defense despite sufficient evidentiary support is now only a denial of due process, "and hence [] a violation of the Constitution, if it create[s] a serious risk of convicting an innocent person." *Eaglin*, 57 F.3d at 501 (citations omitted). To the extent this is Bryson's federal habeas claim, it is significantly different in nature, and not substantially similar, to the claim he raised before the Wisconsin state courts. Therefore, because Bryson did not fairly present his denial of fair trial claim for one complete round of state court review, the claim cannot be considered in federal habeas.

### B. Bryson Did Not Fairly Present His Ineffective Assistance of Counsel Claim to the Wisconsin State Courts.

Bryson's other ground for relief states that his trial counsel provided ineffective assistance because he did not call Jocelyn as a witness and did not object to the introduction of new evidence. He admits that he never raised this claim in state court. (ECF No. 26 at 7-8.) But he requests a stay and abeyance to give him time to properly exhaust it. (*Id.*) A petitioner is entitled to a stay if he shows good cause for the failure to exhaust his claims and that "the unexhausted claims have some possible merit." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006). Here, Bryson cannot make either showing. He does not allege good cause for failure to exhaust his claim; he simply states: "The Wisconsin court[s] do not allow hybrid representation." (ECF No. 26 at 8.) As a *pro se* litigant, Bryson is entitled to some leniency, *Thomas v. Foster*, 138 F. App'x 822, 823 (7th Cir. 2005), but even generous construction cannot turn his "hybrid representation" argument into one stating good cause for failure to raise an ineffective assistance of counsel claim.

Even if he could satisfy the good cause requirement, Bryson has not shown that his ineffective assistance of counsel claims have possible merit. To state a claim for ineffective assistance of counsel, a petitioner must show that "his lawyer 'fell below an objective standard of reasonableness' and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Toliver v. McCaughtry*, 539 F.3d 766, 774 (7th Cir. 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). The circuit court denied Bryson's request for a defense-of-others instruction because the available video evidence clearly showed that Evans was not within striking distance of Jocelyn, nor could he have thrown a coffeepot at her because Bryson was standing between the two. *Bryson*, 2018 WL 6264591, at *3-4. Thus, Bryson could not have reasonably believed that he needed to exercise deadly force to protect Jocelyn. *Id.* at 4. Bryson's habeas petition does not identify anything Jocelyn could have possibly said to upset this determination. It was not, therefore, unreasonable

for counsel not to call Jocelyn as a witness. Bryson also argues that his trial attorney should have objected when the State called a witness who testified about video evidence that had allegedly been withheld from the defense. (ECF No. 26 at 7.) But even if counsel's failure to object was unreasonable, Bryson does not explain how an objection would have changed the ultimate outcome of the trial where the available video evidence already doomed his defense-of-others argument.

Because he did not properly present the claim to the Wisconsin state courts, and he is not entitled to a stay and abeyance, Bryson's ineffective assistance of counsel claims fail.

## II. Both the Denial of Fair Trial and Ineffective Assistance of Counsel Claims Are Procedurally Defaulted.

"If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted." *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). In Wisconsin, a petitioner may only raise claims in a successive postconviction motion if he can show a sufficient reason why those claims were not raised in the original motion. *State v. Escalona-Naranjo*, 517 N.W.2d 157, 163 (Wis. 1994). Bryson's petition does not explain or justify his failure to raise his denial of fair trial and ineffective assistance of counsel claims in the first instance. Those claims are, thus, procedurally defaulted.

A court can only excuse a petitioner's procedural default if he shows cause for the default and prejudice resulting therefrom. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Bryson has not done so. The only possible cause he identifies is based on ineffective assistance of counsel. But the exhaustion doctrine "requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 489. Bryson never presented his ineffective assistance of counsel claim to the state courts, so he cannot now use it to satisfy the cause and prejudice requirement. There is, thus, no excuse for Bryson's procedural default, so his habeas petition must be denied.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the amended petition for writ of habeas corpus under 28 U.S.C. §2254, ECF No. 12, is **DENIED** and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on August 4, 2022.

                                            s/ *Brett H. Ludwig*
                                            BRETT H. LUDWIG
                                            United States District Judge